UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRVING PEREZ,

                Plaintiff,

          -against-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK, ET
AL.,

                Defendants.

26-CV-3907 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Irving Perez, of Brooklyn, New York, brings this action *pro se*. By order dated May 26, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

Plaintiff initiated this action on My 11, 2026, by filing a complaint captioned for this court but bearing a New York City Comptroller's Office index number and a docket number from an unspecified court. It is unclear who Plaintiff is seeking to sue. The complaint bears two captions. The first lists the following parties as Defendants: (1) "United States District Court Southern District of New York 500 Pearl Street New York New York 10007 Intake Unit"; (2) "1 Centre New York New York 10007 Comptroller Office"; (3) "Supreme of the State of Americans Country of New York Index No 158736/2015." (ECF 1, at 1.) The second caption, which also includes addresses, omitted here, lists as defendants: (1) "New York Government Federal State City Penal Law Universal Law Department"; (2) "United States of American . . . Intake Unit"; and (3) "Comptroller Office." (*Id.* at 2.) The second caption also appears to list the names of various attorneys, although it is unclear if Plaintiff is intending to sue the attorneys.

Plaintiff's "Statement of Fact" begins,[1]

Department after the investigation New York State should of advised the Supreme Superior Court United States of American Civil Court to offer settle or speedy trial because investigation was over[.] The Petitioner requested speedy trial 2020 through my attorney Liaskas Law Firm because of the Federal statutes New York State requested 5 years extension to have 5 years to complete under universal law. In a criminal proceeding investigation And civil failure to complete is Violations Penalty against New York GOVERNMENT FEDERAL STATE AND LOCAL DISTRICT SUPERIOR COURT decision. for automatic default judgment payment your honors because of the universal law, i'm entire to separate all parties for separate trial they all under DEFAULT JUDGMENT PAYMENT for same amount 999$^{999}$ individually.

This note is legal Tender for all debts owned public and private to be returned to The original red ii con account of Mr. Irving Perez social security last four number xx-xxx-1310 a true notification notarized legal documents immediately

---

[1] Plaintiff sometimes writes using all capital letters. The Court retains Plaintiff's capitalization in some passages, but, for readability, uses standard capitalization when quoting other passages. All spelling, grammar, and punctuation are in the original documents unless otherwise noted.

within 24 hours New York Government Federal State's and District City: I demands a written disposition obligation for Agreement for the summons awarded Financial Finance Identity of amount $999$^{999}$ individually from all agencies entries Social Security Administration Social Security Income. Social Security Disabilities. Department of Homeless Services. Human resources section 8. Supplemental Nutrition and Cash Assistance Department of and City Corrections For failure to reply is Violations and Penalty Universal law United States of America and New York State and City Universal Law Justice Guidelines and policies Penalty violations under uniform commercial code failure To protect and served legal intel documents exhibits A orth a proper order direct order to protect and served domestic and foreign legal documents your honors the justice system failed comptroller office Electronic mail court failed direct order in military dishonorable discharged all the Corporation failed a direct order for obligation opportunity for ownership of all because you are hired by the United States of American the treasury of United States of American if liable to pay for your errors BECAUSE I REPREADLY REQUESTED ASSISTANCE VERBALY AN THROUGH LEGAL DOCUMENTS IN MY OWN BEHALF.

(*Id.* at 3-4.)

Plaintiff asserts that he has requested $500 trillion from the New York City Department of Homeless Services and several men's shelters for discrimination and "unlawful improvement." (*Id.* at 4.)

Plaintiff further alleges that he was "slash[ed] on lining of my noise NAICA Men Shelter security NYPF failure too arrested while having evidence video camera in the facility"; that Bellevue and Keener Men's shelters "illegal physical restrain me after I ask if I was arrested they told me no for over 6 hours"; that, in Staten Island, "human right violation illegal retained kept me mental unit for 2 weeks after I spreadly told the NYPD an hospital no"; and that, at Saint Barnabas Hospital, "illegal drugs was injected illegal physical restrain." (*Id.* at 5.)

Plaintiff also alleges,

The clerk had the nerve to tell me. I didn't send all the information correctly. Your heading is a direct order for corresponding by law. By the united states of America, u c c you know from uniform commercial code? Is considered intel regardless of the jpeg image video recording is all exhibits.

UCC in the U.S. military most commonly refers to a United Combatant Command, which is a joint command comprising forces from two or more

military branches, organized geographically or functionally. It can also refer to a Unit Control Center (especially in the Air Force), which acts as a centralized communications hub during emergencies and exercises.

(*Id.*)

Finally, Plaintiff states,

I went to pay for document fee actually went on the 8th Friday of May 2026 to file a waiver clerk didn't check Electronic stated I'd 30 days check the camera had back hooded about after 2:30 after was done with clerk went across spoke to cashier was lady with phone camera recording my look like my cousin Gleany no camera allowed in the building Attn I appreciate if you call the military base department contractors for private contractual obligation agreement military building structures underneigh a city park on my own private property I would like to be on a waiting list immediately USMC I GAVING, YOU A DIRECT ORDER ONCE AGAINS CIVILIAN HONORABLE JUDGE MR IRVING PEREZ THE URVPH IRVING PEREZ HOMETOWN I ACTUALLY DIDN'T WANNA BE DISRESPECTFUL YOUR HONOR, BUT YOU UNDER UCC. I NOT UNDER ANY GOVERNMENT LAW TIL I BREACK THE LAW 16 YEAR HOME FROM THE DEPARTMENT OF CORRECTIONS I ALSO REQUESTED FOR ALL RECORDS TO BE SEAL IMMEDIATELY FROM GOVERNMENT MAIN FRAME.

(*Id.* at 6.)

Plaintiff appears to seek various forms of relief, including $500 trillion; an "unlimited amount" of public assistance benefits; a "100% tax write off for all my biological children an grandchildren with a 151% intrestes annually"; and an "agreement [for a] military contractor to build a . . . personal military bunker underneigh city park for my self an biological children an grandchildren in military." (*Id.* at 7).

After filing the initial complaint, Plaintiff filed several additional documents, all of which are similar in form and substance to the original complaint. For example, on May 13, 2026, Plaintiff filed a document bearing this docket number, in which he appears to name as Defendants the "Southern District Civil Court," and possibly others, and which he labels as a "Complaint for Default Judgment Payment." (ECF 4, at 1.) Also on May 13, 2026, Plaintiff filed an "Actived Complaint" that bears this docket number, does not appear to name any defendants,

4

and states, "I requested certificate application for the fellowing governments purposes licenses. Immediately for. Secured economics unlimited for myself." (ECF 5, at 1.) On May 14, 2026, Plaintiff filed a "complaint" and "affidavit for appearance to see the judge immediately within 5 business 22nd of May 2026." (ECF 6, at 1.)

## DISCUSSION

### A.    Rule 8 of the Federal Rules of Civil Procedure

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted). "It is not the Court's job—nor the opposing party's—to decipher a complaint that is 'so poorly composed as to be functionally illegible.'" *Ghosh v. New York City Hous. Auth.*, No. 21-CV-6139 (AT) (BCM), 2023 WL 3612553, at *6 (S.D.N.Y. Feb. 27, 2023) (quoting *Avramham v. New York*, No. 20-CV-4441 (LLS), 2020 WL 4001628, at *2 (S.D.N.Y. July 15, 2020)), *report and recommendation adopted*, 2023 WL 3746617 (S.D.N.Y. Mar. 20, 2023).

A complaint that fails to comply with Rule 8 may be dismissed. *See, e.g.*, *Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Anduze v. City of New York*, No. 21-CV-0519 (LLS), 2021 WL 795472, at *2 (S.D.N.Y. Feb. 26, 2021) (dismissing a complaint as incomprehensible because it was illegible and the legible portions were incomprehensible, such that "the [c]ourt is unable to properly evaluate the full nature and extent of [the] [p]laintiff's claims"); *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Loc. 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) (noting that "courts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory"); *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

6

Here, Plaintiff's complaint does not comply with Rule 8. As an initial matter, it is unclear who Plaintiff is suing. Furthermore, many of Plaintiff's allegations are incoherent. When Plaintiff does allege coherent facts—for example, that he was injected with "illegal drugs" and "restrained" while at Saint Barnabas Hospital—he provides no factual context that could support a viable legal claim.[2] It is unclear to the Court, and would be unclear to any responding defendant, what claims and plausible supporting facts Plaintiff is alleging against which defendants. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims in an amended complaint that includes a single caption listing all defendants and that complies with Rule 8.

**B.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

---

[2] Plaintiff does not appear to name Saint Barnabas Hospital, or anyone affiliated with it, as a defendant in this action.

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say, at this time, that amendment is futile, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims and to address the deficiencies explained above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    June 9, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge